(139 So. 575)

## SPAIN v. STATE.

### 7 Div. 786.

Court of Appeals of Alabama.

Feb. 9, 1932.

W. W. Wallace, of Columbiana, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

The only evidence tending to connect the defendant with the commission of the crime charged was the testimony of a negro witness by the name of Foster, who was caught by the officers "red handed" at the still, and who confessed his guilt. When caught, this witness first denied knowing the other parties with him at the still, but, being in the custody of the sheriff and handcuffed to a tree, and being pressed by the sheriff for him to tell, he named this defendant as one of the parties, after the name had been suggested by the sheriff.

The defendant's counsel sought by cross-examination to test this testimony as to bias, fear, hope, interest, and duress. We do not deem it necessary to pass upon each exception. A general statement of the law should be sufficient to guide the court on another trial.

The scope of inquiry on cross-examination is limited only by the sound discretion of the court, with a view to test the memory, skill, accuracy, judgment, and truthfulness of the witness and the consistency of his answers with each other and with his present testimony. 28 Alabama & Southern Digest, 423, Key. No. 267. But this discretion should not be used as to so restrict cross-examination of witnesses touching matters of bias, hope of immunity from prosecution, etc. Cross-examination is a valuable right to be used under the direction of the court for the purpose of ascertaining the true facts and to discover falsehood, and the court, in exercising the discretion given in such matters, should allow a wide latitude rather than to

place undue restrictions on such examination.

Under the evidence, the witness Foster was an accomplice in the crime with which he charges this defendant. The crime charged is a felony, and no other witness testifies to any fact tending to connect defendant with the commission of the crime. The defendant was therefore entitled to the affirmative charge as requested. Code 1923, § 5635.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.